IN RE TRIMBLE.

[No. 28,251. Filed May 10, 1948.]

*James A. Emmert,* Attorney General, *Cleon H. Foust,* First Deputy Attorney General, *Byron C. Kennedy, James D. Harrison, Winslow Van Horne, Robert Hollowell, Jr.,* and *Merl M. Wall,* Deputy Attorneys General, for the State.

*Winfield K. Denton* and *W. D. Hardy,* both of Evansville, for respondent.

PER CURIAM.—Proceedings were instituted by the Attorney General of the State of Indiana against Bex A. Trimble, a member of the bar of the State of Indiana and a practicing attorney residing in Vanderburgh County. The information contained specifications numbered one, two, three, four A and four B.

A hearing was conducted before A. Dale Eby acting as commisisoner of this court, and the transcript of the evidence, together with the special finding of the commissioner, have been filed in this court under date of October 18, 1947.

The commissioner found against the State and for Bex A. Trimble on specifications number one, four A and four B and on part of the charge preferred in specification number three. The commissioner found against Bex A. Trimble on specification number two and part of specification number three.

Each side filed exceptions under Rule 3-25 of this court. The exceptions have been overruled and the finding of the commissioner accepted.

The Attorney General claims evidence offered and refused should have been admitted by the commissioner, but in view of the result reached it is unnecessary to examine that claim or other claims urged on behalf of the State in the exceptions filed by the Attorney General.

Under specification number two, the finding discloses that Bex A. Trimble was acting as attorney in the estate of Ada Wheat, deceased; that Nelson Briody was the administrator of said estate; that the decedent was not a resident of the state at the time of her death; that the administrator went to the State of California; and that during his absence Bex A. Trimble settled a claim for the wrongful death of the decedent and caused judgment to be entered in the sum of $1,000. During the absence of the administrator he filed a petition with the court requesting permission to settle said claim for the amount set out above, which petition was ostensibly signed and sworn to by the administrator. Bex A. Trimble claimed the administrator had signed the paper before leaving for California, but this was denied by the administrator who testified he had never discussed such matter with Trimble and had not signed the petition. Dependents of the decedent testified that they had not agreed to the settlement. This paper and others were introduced in evidence and the court heard expert testimony on the subject of the authenticity of the signatures. After due consideration of all the evidence, the commissioner decided against Trimble on this specification.

In specification number three, Trimble was charged with causing two young people to sign their names underneath and at the conclusion of an attestation clause of a will, wherein it was asserted that each of them had been present at the time of signing and acknowledging by the testator, and that they at that time signed their names to the instrument, while in truth and in fact the two young people had not been present for the signing or acknowledging by the testator, nor had they or either of them signed as attesting witnesses in the presence of the testator, or at his re-

quest. The will in controversy was probated and later the probate was set aside. It was admitted by Trimble that the decedent had not signed or acknowledged his signature in the presence of the witnesses. It was also admitted that he requested the witnesses to attest the signature of the testator. The import of the attestation of the will would indicate that the witnesses signed the same in the presence of and at the request of the testator. The commissioner found against Trimble on the first part of this specification, but found for him on the charge that he caused the two witnesses to the will to produce said will in court and to give testimony that it was in all things regular in its signing and witnessing. Although we accept the finding of the commissioner on the latter part of specification number three, there remains specification number two and the first part of specification number three. The latter was admitted by Trimble and the former was supported by very substantial evidence and was answered by evidence which to us seems lacking in probative value.

We realize that disbarment is a serious matter both to the State, which has an interest in the honesty and integrity of the members of the bar, and to the person involved, in that it is a prohibition from following his chosen profession. This court is by law charged with supervisory responsibility for the conduct of the members of its bar. It cannot overlook or condone conduct wherein false wills are brought into being at the will or choice of the person on whom some client relies. A will speaks when its maker has become silent. It is by its nature important to the testator, to his devisees and legatees and to the public. Its execution must be safeguarded, or widows and orphans would become helpless in the toils of unscrupulous persons. The one person on whom the testator must rely is the lawyer

who drafts his will in such form so as to give life to the intent of the decedent. Of equal weight is the necessity of insuring honesty and integrity in representations to a court by a member of the bar, who is an officer of that court. To sign another person's name without permission, in order to obtain funds or property, has been designated by a fitting name in the criminal law of this state. For a member of the bar to sign his client's name under the same conditions, and then to present such paper to a court as an authentic document constitutes a fraud on the court as well as upon the parties involved. Such action adds a stigma to our profession which is more than unpleasant, and which must be removed.

Under Supreme Court Rule 3-25, this matter was heard by a commissioner who is an able member of the judiciary. He heard the witnesses testify and observed their sincerity or lack of the same. No reason has been given to us why we should not base our decision upon the finding and conclusion of the commissioner on all specifications involved in this matter. We are not inclined in this instance to substitute our judgment for that of the commissioner. The argument of the attorneys opposing disbarment is that the charges are stale and the punishment already suffered is sufficient under the circumstances; and that a mistake was made, but an attorney should not lose his right to practice law because of a mistake. To us, it does not seem that the matter has become stale nor that it involves a mere mistake. There is not and could not be any excuse for the things upon which guilt has been found.

It is therefore ordered, adjudged and decreed that Bex A. Trimble be prohibited from practicing law in the courts of the State of Indiana, that his name be stricken from the roll of attorneys of this bar and

from the roll of any and all county bars of this state, including specifically the bars of Vanderburgh County, Hendricks County and Posey County; that his disbarment from the courts of this state be absolute and effective as and from the date of this judgment; that a certified copy of this judgment be forwarded to the District Court of the United States for each, the Northern and Southern Districts, to the end that the said courts may have information of the action of this court in the premises.

Emmert, C. J., not participating.

NOTE.—Reported in 79 N. E. 2d 213.